IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LILIANA HERRERA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO: _____ |
| | : | |
| vs. | : | |
| | : | |
| L. VAN PEAVY, Jr., INDIVIDUALLY & | : | JURY TRIAL DEMANDED |
| IN HIS OFFICIAL/REPRESENTATIVE | : | |
| CAPACITY AS SHERIFF, | : | |
| DOOLY COUNTY, GEORGIA, & | : | |
| JOHN DOES 1 - 10, INDIVIDUALLY, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT FOR SEXUAL ASSAULT AGAINST PERSONS IN CUSTODY, ASSAULT, BATTERY, VIOLATION OF 42 U.S.C. 1983, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING, NEGLIGENT RETENTION, & NEGLIGENT SUPERVISION**

COMES NOW, Liliana Herrera, Plaintiff in the above-styled cause of action, and makes

this Complaint for Sexual Assault Against Persons in Custody, Assault, Battery, Civil Rights

Violations, Intentional Infliction of Emotional Distress, Negligent Hiring, Negligent Retention

and Negligent Supervision against L. Van Peavy, Jr., individually, and in his

official/representative capacity as Sheriff of Dooly County, Georgia, and John Does, individually

as jailers and officers employed at the Dooly County Jail, Dooly County, Georgia, and by way

thereof respectfully shows to this Honorable Court as follows:

In the United States District Court
In and for the Middle District of Georgia – Macon Division
Liliana Herrera v. L. Van Peavy, Jr., et al.
**COMPLAINT**
Page 1 of 11

1.

Plaintiff, Liliana Herrera, is a citizen of Mexico currently incarcerated at a Federal institution in Alabama.

2.

At the time of the incidents alleged herein, she was an inmate at the Dooly County Jail in Vienna, Georgia, and subject to the jurisdiction of this Honorable Court.

3.

Defendant, L. Van Peavy, Jr., is, at all times relevant to this cause of action, the duly elected Sheriff of Dooly County, Georgia, a body politic and corporate located within the geographical territory assigned to the United States District Court for the Middle District of Georgia, Macon Division, and is subject to the jurisdiction of this Honorable Court as will more particularly hereinafter be made to appear.

4.

Defendants, John Does, at all times relevant to this cause of action were employees of Dooly County Jail located in Southwest Georgia within the geographical territory assigned to the United States District Court for the Middle District of Georgia, Macon Division, and are subject to the jurisdiction of this Honorable Court as will more particularly hereinafter be made to appear.

In the United States District Court
In and for the Middle District of Georgia – Albany Division
Liliana Herrera v. L. Van Peavy, Jr., et al.
**COMPLAINT**
Page 2 of 11

5.

The claim, or claims, here presented arose within the geographical territory assigned to the United States District Court for the Middle District of Georgia, Macon Division as will more particularly hereinafter be made to appear.

6.

The amount in controversy in this claim, or claims, exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7.

This Court's jurisdiction is founded upon the Constitution of the Unites States of America, diversity of citizenship pursuant to 28 U.S.C. §1332 and additionally, upon the presentation of a federal question pursuant to 28 U.S.C. §1331 and 42 U.S.C.§ 1983, et. seq. and 1988.

8.

Venue is proper in this Honorable Court pursuant to 28 USC § 1391 (a) and (c).

9.

There are no prerequisites to the bringing of this cause of action which have not been satisfied.

10.

Defendant Van Peavy, Jr. at all times material to the allegations in this Complaint, was responsible for the hiring, supervision and training of all jail personnel and was further responsible for making and/or implementing policies, procedures, customs and practices used by

In the United States District Court
In and for the Middle District of Georgia – Macon Division
Liliana Herrera v. L. Van Peavy, Jr., et al.
**COMPLAINT**
Page 3 of 11

jailers employed by the Dooly County Jail, including, but not limited to, inmate monitoring and health, welfare and safety of the inmates.

11.

Plaintiff was placed in the involuntary custody and control of the Dooly County Jail by the federal government.

12.

Plaintiff, a Mexican citizen, was not provided with any guidance or manual governing her rights as an inmate or the rules and grievance procedures for Dooly County Jail in her native tongue, Spanish.

13.

Almost immediately upon Plaintiff's arrival at the Dooly County Jail, Defendant John Doe One began sexually harassing Plaintiff, including making comments to her that she was "sexy."

14.

Plaintiff, feeling depressed, helpless, fearful and vulnerable, asked to be transferred to isolation, with the hopes that she would be removed from Defendant John Doe One.

15.

On or about November 19, 2012, Plaintiff was placed in an isolation cell at Dooly County Jail.

In the United States District Court
In and for the Middle District of Georgia – Albany Division
Liliana Herrera v. L. Van Peavy, Jr., et al.
**COMPLAINT**
Page 4 of 11

16.

On or about November 20, 2012, Plaintiff was sleeping in her cell clothed in her

undergarments and covered by a sheet when Defendant John Doe One entered her cell.  Without

Plaintiff's consent, he began kissing her, exposed his penis, removing it from his pants, leaving

all other clothes on, and forced Plaintiff to perform oral sex on him (sodomy; O.C.G.A. § 16-6-

2).  Then, he turned her over, pulled down her undergarments and proceeded to engage in

nonconsensual, unprotected sexual intercourse (rape; O.C.G.A. § 16-6-1) with her until he

ejaculated.

17.

Plaintiff, during the course of the nonconsensual sexual intercourse, heard Defendant

John Doe Two, another officer employed by Dooly County Jail, walk by her cell.

18.

Defendant John Doe Two did nothing to investigate, assist or protect Plaintiff from the

immediate and future harm.

19.

After the attack referenced in Paragraph 16, Plaintiff heard Defendant John Doe One

speaking in a loud voice and laughing.  Additional John Doe Defendants, number unknown at

this time, participated in that conversation without taking any actions to assist or protect Plaintiff.

20.

On or about November 21, 2012, John Doe One escorted the Plaintiff to the shower area

and ordered her to get undressed and get in the shower.

In the United States District Court
In and for the Middle District of Georgia – Macon Division
Liliana Herrera v. L. Van Peavy, Jr., et al.
**COMPLAINT**
Page 5 of 11

21.

While Plaintiff was taking a shower, she noticed Defendant John Doe One peering at her naked body through the window opening.  Plaintiff asked him to leave.  She was very frightened and feared immediate bodily harm.

22.

Instead, Defendant John Doe One climbed up on the window, exposed his penis, and told Plaintiff to perform oral sex on him.

23.

Defendant John Doe One vacated the shower area when someone called his name from the booking area.

24.

Defendant John Doe One returned to escort Plaintiff back to her cell.  He told her that he would be back in the night to have nonconsensual sex with her.  She begged him not to, telling him that she was menstruating.

25.

In the early morning hours of November 22, 2012, approximately 3 a.m., after his shift ended, Plaintiff woke up and noticed Defendant John Doe One watching her.

26.

To Plaintiff's knowledge, none of the other John Does did anything to investigate, assist, or protect Plaintiff from immediate or future harm.

In the United States District Court
In and for the Middle District of Georgia – Albany Division
Liliana Herrera v. L. Van Peavy, Jr., et al.
**COMPLAINT**
Page 6 of 11

27.

Plaintiff, an inmate, had a clearly established right to be free from sexual harassment and abuse and to be secure in her bodily integrity and free from attack.

28.

An inmate cannot legally consent to sexual activity with a guard or jail officer.

29.

Plaintiff did not consent.

30.

At all times material to the allegations in this Complaint, Defendants John Does were acting within the scope of their employment and under color of state law.

31.

The touching sustained by Plaintiff was offensive, unwanted and harmful.

32.

By virtue of the foregoing, Defendant John Doe One maliciously and sadistically sexually harassed, assaulted and battered Plaintiff on several occasions.

33.

It is the policy, practice or custom of the Dooly County, Georgia, Jail to fail to supervise and/or train jail personnel, in deliberate indifference to the health, welfare and safety of inmates, with regards to proper contact between personnel and inmates, appropriate monitoring and supervision of female inmates by male jail personnel, and protection of inmates.

In the United States District Court
In and for the Middle District of Georgia – Macon Division
Liliana Herrera v. L. Van Peavy, Jr., et al.
**COMPLAINT**
Page 7 of 11

34.

Defendant Van Peavy, Jr. failed to train and supervise Dooly County Jail personnel and effectuated a custom, policy and practice of inaction with respect to sexual contact with inmates.

35.

These Defendants' inadequate training and supervision, and custom, policy and practice of inaction were deliberately indifferent and directly and proximately deprived Plaintiff of her fundamental right to personal security and bodily integrity, as well as to be free from cruel and unusual punishment.

36.

Defendant Van Peavy, Jr. knew he had a legal obligation to protect Plaintiff from assault and sexual attack, and knew that the actions and omissions of his personnel were likely to create a substantial risk of serious harm.

37.

With deliberate indifference to Plaintiff's personal safety, Defendant failed to protect her from substantial risk of serious harm in violation of her constitutional rights.

38.

The deprivations of Plaintiff's rights described herein constitute a risk of harm so grave that it violated contemporary standards of decency.

In the United States District Court
In and for the Middle District of Georgia – Albany Division
Liliana Herrera v. L. Van Peavy, Jr., et al.
**COMPLAINT**
Page 8 of 11

39.

Each Defendant owed Plaintiff a duty to use due care at or about the time of the

aforementioned incidents.

40.

Defendant Van Peavy, Jr. negligently hired and negligently retained the John Does.

41.

Defendant Van Peavy, Jr. negligently supervised Defendants, John Does, by failing to

provide proper training and outline proper procedure related to boundaries between inmates and

guards, appropriate monitoring and supervision of female inmates by male guards, and how to

protect inmates from the serious harm inflicted by fellow personnel.

42.

In committing the aforementioned acts or omissions, Defendant Van Peavy, Jr.

negligently breached said duty to use due care, which directly and proximately resulted in the

injuries and damages to Plaintiff as alleged herein.

43.

As a direct result of the Defendants' acts and omissions, Plaintiff has suffered physical

injuries, intense degradation and humiliation, extreme emotional pain, and lasting psychic

trauma.

44.

The actions and omissions of Defendants in sexually harassing and assaulting Plaintiff

and failing to protect her from serious harm constitutes the negligent or intentional infliction of

In the United States District Court
In and for the Middle District of Georgia – Macon Division
Liliana Herrera v. L. Van Peavy, Jr., et al.
**COMPLAINT**
Page 9 of 11

emotional distress upon Plaintiff by Defendants.

45.

Defendants have acted with reckless or callous indifference to the rights of Plaintiff as guaranteed by the Constitution of the United States warranting an award of punitive damages to Plaintiff against Defendants in such amount as shall be shown by the evidence adduced at trial.

46.

Defendants willful, wanton or reckless conduct concerning Plaintiff's rights guaranteed by the laws of the State of Georgia and the Constitution of the State of Georgia warrant an award of punitive damages to Plaintiff against Defendants in such amount as shall be shown by the evidence adduced at trial.

47.

Plaintiff is entitled to an award of attorney's fees and expenses of litigation in the bringing of this cause of action in such amount as shall be shown by the evidence adduced in court.

WHEREFORE, Plaintiff having fully pled prays as follows:

a)  That process issue and Defendants be served as provided by law;

b)  That Plaintiff have and recover of Defendants compensatory damages in such amount as shall be shown by the evidence adduced in court;

c)  That Plaintiff have and recover of Defendants punitive damages in such amount as shall be shown by the evidence adduced in court;

In the United States District Court
In and for the Middle District of Georgia – Albany Division
Liliana Herrera v. L. Van Peavy, Jr., et al.
**COMPLAINT**
Page 10 of 11

    d)  That Plaintiff have and recover of Defendants attorney's fees and expenses of

        litigation in such amount as shall be shown by the evidence adduced in court;

    e)  That Plaintiff have a jury trial of all issues for such other and further relief as

        to the court shall seem meet and proper.

LAW OFFICE OF JASON FERGUSON

s/ Jason M. Ferguson
JASON M. FERGUSON
Attorney for Plaintiff
Georgia Bar Number 258746
Email: Jason@jmflegal.com

Post Office Box 6129
Thomasville, Georgia 31758
Phone: (229) 255-2095
Facsimile: (888) 379-0669

DODD & BURNHAM

s/ Roger J. Dodd
ROGER J. DODD
Attorney for Plaintiff
Georgia Bar Number 224300
Email: doddlaw@doddlaw.com

Post Office Box 1066
Valdosta, Georgia 31603-1066
Phone: (229) 242-4470
Facsimile: (229) 245-7731

LAW OFFICES OF PATRICIA C. KUENDIG

s/ Patricia C. Kuendig
PATRICIA C. KUENDIG
Attorney for Plaintiff
Bar Number 362314
Email: Patricia@kuendiglaw.com

Post Office Box 1066
Valdosta, Georgia 31603-1066
Phone: (229) 242-4470
Facsimile: (229) 245-7731

In the United States District Court
In and for the Middle District of Georgia – Macon Division
Liliana Herrera v. L. Van Peavy, Jr., et al.
**COMPLAINT**
Page 11 of 11